*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 1, 2015

**VIA ECF**
Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

                Re:       *United States v. Benjamin Durant and Daryl Payton,*
                            12 Cr. 887 (ALC)

Dear Judge Carter:

      I write regarding the criminal defense counsel's request in the above-captioned case dated March 25, 2015 (the "Request") *see* Dkt. No. 184, seeking an enlargement of the Protective Order entered in these cases on November 18, 2014. The Request asks Your Honor to permit materials that defendants acquired pursuant to 18 U.S.C. § 3500, including FBI form 302 reports, to be provided to defendant Durant and Payton's counsel in the parallel civil proceeding before Judge Rakoff. *See Securities and Exchange Comission v. Payton,* 14 Civ. 4644 (JSR) (the "Civil Proceeding"). This request should be denied, and for the reasons which follow, Durant and Payton should instead avail themselves of the procedures by which the United States considers requests from civil litigants for information possessed by the Government, such as the FBI "302's" at issue here.

      Because these criminal cases are closed, we believe the Court lacks ongoing jurisdiction to grant the request. *See United States v. Huss,* 520 F.2d 598, 606 (2d Cir. 1975) (district court lacks on-going jurisdiction where defendants' application was brought after the close of a criminal case and was civil in nature). Indeed, the Request serves no purpose tied to the criminal action, and instead seeks to serve Durant and Payton's interests in separate civil litigation.

      The appropriate mechanism for obtaining these documents is therefore through the established procedure by which civil litigants can seek information held by the Government, through a request to the U.S. Attorney's Office, rather than through a request to this Court to enlarge the protective order in the closed criminal cases. At a minimum, the Request is premature because it raises a civil issue that is appropriately governed by the Supreme Court's decision in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) ("Touhy"). There is a robust body of administrative and civil law that must be consulted before this matter is ripe for adjudication. *See* Exh. A at 1-2.

      Finally, this works no disadvantage to defendants because DOJ's *Touhy* process provides standards governing administrative review, allows for an appeal to Department of Justice officials in the event of an adverse decision, and allows Administrative Procedure Act judicial review in the district court in appropriate circumstances. Exh. A at 1-2. For these reasons, we

respectfully request that should the Court be so inclined, it should cancel the status conference scheduled for April 13, 2015 (Dkt. No. 184) and allow the *Touhy* process to proceed.  This will establish finality and develop the record before a decision can be made, if necessary, on whether judicial intervention is appropriate.  *See Wultz v. Bank of China Ltd.*, No. 11-cv-1266 (SAS), 2013 WL 1453258, *2 (S.D.N.Y. Apr. 9, 2013) (holding that there is no "final agency action," and therefore a Court lacks power to review an agency's refusal to produce documents, where the documents were not properly requested via a formal *Touhy* demand).

We thank the Court for its consideration of this submission.

                        Respectfully,

                        PREET BHARARA
                        United States Attorney

By:   /s/ *Louis A. Pellegrino*
       LOUIS A. PELLEGRINO
       Assistant United States Attorney
       Tel.   (212) 637-2689
       Fax   (212) 637-2686
       louis.pellegrino@usdoj.gov

cc:  Andrew Bauer, AUSA

Clay Kaminsky, Esq.              James Roth, Esq.
Federal Defenders of New York, Inc.    Stampur & Roth
52 Duane Street—10th Floor           299 Broadway # 800
New York, NY 10007                  New York, NY 10007

Lloyd Epstein, Esq.
Epstein & Weil LLC
225 Broadway, Suite 1203
New York, NY 10007

# Exhibit A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 1, 2015

**By U.S. Mail and ECF**

Clay Kaminsky, Esq.                             James Roth, Esq.
Federal Defenders of New York, Inc.             Stampur & Roth
52 Duane Street—10th Floor                      299 Broadway # 800
New York, NY 10007                              New York, NY 10007

Lloyd Epstein, Esq.
Epstein & Weil LLC
225 Broadway, Suite 1203
New York, NY 10007

Re:   *United States v. Benjamin Durant and Daryl Payton,*
      12 Cr. 887 (ALC)

Dear Messers. Kaminsky, Roth and Epstein:

I write regarding the above-captioned cases. Your request dated March 25, 2015 (the "Request") seeks an enlargement of the Protective Order entered in these cases on November 18, 2014. *See* Dkt. No. 184. The Request asks Judge Carter to permit you to provide materials acquired pursuant to 18 U.S.C. § 3500, including FBI form 302 reports, to defendant Durant and Payton's counsel in the civil proceeding before Judge Rakoff. *See Securities and Exchange Commission v. Payton,* 14 Civ. 4644 (JSR) (SDNY) (the "Civil Proceeding").

The defendants' criminal matters are now closed, and there is no on-going need for your use of the documents at issue in the underlying criminal proceeding. Rather, you seek these documents for use in the Civil Proceeding. Therefore, your application to the court seeking an enlargement of the Protective Order in the criminal case is misplaced. Rather, the Protective Order in the criminal case should remain in place, and the defendants' civil lawyers should be notified that they must make a so-called "*Touhy*" request on defendants' behalf to the U.S. Attorney for the Southern District of New York to seek the release of these documents directly from the U.S. Attorney's Office. *See United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951). Our Office will promptly consider any such request.

1. **Requests for Government Documents Are Governed by the *Touhy* Regulations**

Federal regulations govern the response of the United States government to subpoenas and other discovery demands. *See generally* 5 U.S.C. § 301; *United States ex rel. Touhy,* 340 U.S. 462 (authorizing such regulations). These so-called *Touhy* regulations dictate the procedure for obtaining records for the purposes of litigation. DOJ has its own *Touhy* regulations that set out the procedure it follows in responding to demands for production or disclosure of information from DOJ. *See, e.g.,* 28 C.F.R. §§ 16.21-16.29; 16.22(d) ("the responsible U.S. Attorney shall request a summary of the information sought and its relevance to the

proceeding"). These *Touhy* regulations channel review of such demands to the responsible United States Attorney, and then provide a set of procedures for the United States Attorney to follow when considering such demands. *See id.* §§ 16.22(b), 16.24. They also provide a mechanism for the United States Attorney's determination to be appealed to the Deputy Attorney General, who is authorized by the regulations to make a final determination on behalf of DOJ. *See* 28 C.F.R. § 16.25.

Accordingly, with regard to your Request, the proper DOJ official is the United States Attorney for the Southern District of New York. *Id.* § 16.22(b). To facilitate the process of determining whether such approval will be given, the defendants' civil counsel must provide this Office with a statement setting forth the documents sought and their relevance to the above-captioned proceeding. *See id.* § 16.22(d). Should we receive such a statement from defendants' civil counsel, we will make a determination in accordance with 28 C.F.R. §§ 16.24, 16.25, and 16.26.

## 2. No Court May Order Production of the Requested Documents Before a *Touhy* Determination Has Been Made

Although your Request is styled as an application asking the court to enlarge the protective order in the closed criminal cases, the court in the criminal cases lacks jurisdiction to consider this demand. The criminal cases are closed, and your application does not serve any purpose that relates to anyone's defense against the criminal charges. *See United States v. Huss*, 520 F.2d 598, 606 (2d Cir. 1975) (district court lacks on-going jurisdiction where defendants' application was brought after the close of a criminal case and was civil in nature).

Defendants are not without recourse, however. The proper procedure is for defendants' civil counsel to make an appropriate *Touhy* demand for copies of the FBI form 302s that the Office possesses. This Office will promptly consider any such request, but cannot produce the records requested unless and until we receive a submission that fully complies with the aforementioned *Touhy* regulations, and the United States Attorney makes a determination that the requested records may be provided to you. *Touhy* itself is instructive on this point. There, the Supreme Court affirmed the vacatur of a contempt order which sought to punish the refusal "by a subordinate of the Department of Justice to submit papers to the court in response to its *subpoena duces tecum* on the ground that the subordinate [was] prohibited from making such submission by his superior through [the *Touhy* regulations]." *Touhy*, 340 U.S. 462. In the years following that decision, Second Circuit jurisprudence has evolved to hold that motions to compel agency compliance with discovery requests, including subpoenas, require a waiver of sovereign immunity, and therefore are governed by "the administrative exhaustion requirement of [Administrative Procedure Act ("APA")] § 704." *See In re S.E.C. ex rel. Glotzer*, 374 F.3d 184, 190 (2d Cir. 2004). Thus, "a party seeking judicial review of an agency's non-compliance with a subpoena must first exhaust his or her administrative remedies pursuant to APA § 704." *Id.* at 192. And, judicial review under APA § 702 is expressly conditioned, under APA § 704, "on the existence of a 'final' agency action." *Id.*

This doctrine is constitutional, rooted in separation of powers concepts and the doctrine of sovereign immunity. *See, e.g. Glotzer*, 374 F.3d at 190 (The holding "that motions to compel agency compliance with subpoenas are 'agency action[s]' reviewable under APA § 702 remains good law. That holding is grounded in the doctrine of sovereign immunity"). In fact, as Judge Scheindlin recently explained, the Second Circuit "as a general rule give[s] primacy to agencies'

*Touhy* regulations over the Federal Rules of Civil Procedure when the two conflict, requiring litigants to exhaust their administrative remedies before moving to compel production from a governmental agency." *Wultz v. Bank of China Ltd.*, No. 11-cv-1266 (SAS), 2013 WL 1453258, at *2 (S.D.N.Y. Apr. 9, 2013) (holding that there is no "final agency action," and therefore a Court lacks power to review an agency's refusal to produce documents, where the documents were not properly requested via a formal *Touhy* demand).[1]

Please contact the undersigned should you wish to discuss these issues further. Please also note that this correspondence should not in any way be construed as a denial of your request, and if defendants' civil counsel makes a formal *Touhy* demand, a decision on the merits will be made in response to the request pursuant to applicable guidelines, including 28 C.F.R. §§ 16.24, 16.25, and 16.26.

Sincerely,

PREET BHARARA
United States Attorney

By: /s/ Louis A. Pellegrino
LOUIS A. PELLEGRINO
Assistant United States Attorney
Tel.   (212) 637-2689
Fax   (212) 637-2686
louis.pellegrino@usdoj.gov

cc: Andrew Bauer, AUSA (via email)
    Gregory Morvillo, Morvillo LLP (via email)
    Robert Morvillo, Morvillo LLP (via email)
    Matthew Fishbein, Debevoise & Plimpton LLP (via email)
    Sean Hecker, Debevoise & Plimpton LLP (via email)

---

[1] *See also Touhy,* 340 U.S. at 469 ("the constitutionality of the Attorney General's exercise of a determinative power as to whether . . . he may refuse to produce government papers under his charge must await a factual situation that requires a ruling").